IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVAN CHASSE,** | : Civil No. 23-CV-1192 |
| **Plaintiff,** | : |
| v. | : |
| **M.S. INVESTMENTS MORTGAGE COMPANY et al.,** | : |
| **Defendants.** | : Judge Sylvia H. Rambo |

# MEMORANDUM

Before the Court is a motion to dismiss the complaint for lack of personal jurisdiction filed by Defendants M.S. Investments Mortgage Company, Mike Saleh, Libby Saleh, and Cameron Saleh. (Doc. 4.) For the reasons set forth below, the motion will be granted.

## I.   DISCUSSION

This action arises from Plaintiff's Evan Chasse's claims that Defendants violated, among other statutes, the Telephone Consumer Protection Act, by calling his mobile phone with an automatic telephone dialing system. The complaint alleges that in June 2023, Plaintiff received a telemarketing call from Defendant M.S. Investments Mortgage Company, a business entity incorporated in California with a principal place of business in San Diego, California. (Doc. 1-2 ¶¶ 1, 36.) Plaintiff is a Pennsylvania resident and was ostensibly in Pennsylvania at the time, but the call was placed to his Florida-registered cell phone number. (*See id*. ¶¶ 7, 15, 35-36.)

1

According to the complaint, the caller responded only after Chasse said hello several times, leading Chasse to believe the call was initiated with autodialing technology. (*Id*. ¶ 36.) The caller identified his company as M.S. Investment Mortgage Company and sought to provide services to Plaintiff related to obtaining mortgages. (*Id*. ¶ 37.) When Plaintiff "asked additional questions about the identity of the company," the caller encouraged Plaintiff to view the company's website. (*Id*.)

In July 2023, Plaintiff initiated this action by filing a complaint in the York County Court of Common Pleas against M.S. Investments Mortgage Company and its CEO and directors, asserting violations of the TCPA, the Pennsylvania Telemarketer Registration Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. (Doc. 1; Doc. 1-1.) Defendants thereafter removed the case to this court.

Defendants have filed a motion to dismiss all claims for lack of personal jurisdiction. (Doc. 4.) The motion attaches an affidavit by M.S.'s CEO, Defendant Mike Saleh, swearing that the company is a California corporation with its sole address in California, is engaged in the business of real estate and mortgage loans, and is only licensed to do business in California. (Doc. 4 pp. 10-12.) The affidavit also swears, among other things, that neither M.S. nor any other Defendant has ever (1) conducted or solicited business in Pennsylvania; (2) conducted business with or solicited business from any Pennsylvania company or resident; or (3) had property

2

or business or employees in Pennsylvania. (*Id*. p. 10.) The motion has been fully briefed and is ripe for disposition.

## II. DISCUSSION

"When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129–30 (3d Cir. 2020) (internal quotation marks and citation omitted). "The plaintiff meets this burden and presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Usually, the plaintiff can meet its burden "by submitting affidavits or other competent evidence demonstrating that jurisdiction is proper." *Estate of Thompson through Thompson v. Phillips*, 741 F. App'x 94, 96 (3d Cir. 2018). However, where, as here, "the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (internal citation omitted).

Pennsylvania's long-arm statute establishes a scope of personal jurisdiction to the extent allowed by the United States Constitution. *See* 42 Pa.C.S. § 5322(b). The

Due Process Clause of the United States Constitution permits the exercise of general and specific jurisdiction. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General personal jurisdiction exists where the defendant's contacts with the forum are "continuous and systemic." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945). A court with general jurisdiction over a defendant "may hear any claim" against them. *Bristol-Myers Squibb Co. v. Superior Ct. of Ca., S.F. Cty.*, 137 S.Ct. 1773, 1780 (2017). Specific personal jurisdiction exists where "the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (internal citation and quotation marks omitted). "First, the defendant must have purposefully directed its activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal citations, quotations, and brackets omitted). Physical entry is not required for the defendant to have directed its activities at the forum, but "what is necessary is a deliberate targeting of the forum." *Id*.

Here, there is no dispute that the defendants are not subject to general jurisdiction in Pennsylvania. The complaint avers that M.S. is a California company

with a principal place of business in San Diego, California, and Chasse does not allege or argue that M.S. has any contacts with Pennsylvania outside the telephone call at issue in this case. Likewise, there is no reason to believe that any of the individual defendants are Pennsylvania residents or to otherwise question the veracity of Leh's affidavit statement that none of them have owned property in Pennsylvania. Because the record is clear that the defendants lack continuous and systemic contacts with Pennsylvania and are not at home in the state, general personal jurisdiction does not lie.

Likewise, Chasse fails to carry his burden of showing specific personal jurisdiction over Defendants because there is no indication in the complaint or broader record that any of them purposefully directed activities at Pennsylvania. Chasse does not meaningfully challenge Defendants' affidavit statement that the company does not conduct or solicit business in Pennsylvania, and as such, Defendants' sole contact with the forum reflected in the record is the singular telephone call M.S. allegedly made to Chasse in June 2023. And while Chasse resided and was physically present in Pennsylvania at the time he received the call, the complaint is unequivocal that the call was placed to Chasse's Florida-based cellular telephone number. (*See* Doc. 1-2 ¶¶ 35-36.) As numerous other federal courts in this circuit and elsewhere have held, where a defendant's only relevant contact with the forum is placing a telemarking phone call to an individual within

the forum state, but the call was placed to a number bearing an area code of a different state, there is no basis for finding that the defendant purposefully directed activities at the forum. *See Michaels v. Micamp Merch. Servs.*, No. 13-CV-191, 2013 WL 5970340, at *4 (W.D. Pa. Nov. 8, 2013) ("[T]here is no evidence, let alone a preponderance of the evidence, from which this Court can conclude that either of the Defendants expressly aimed their conduct at Pennsylvania, as is required to establish specific personal jurisdiction. . . Plaintiff's cellular telephone number bears a Florida area code, not one registered to Pennsylvania, and at no time did Plaintiff inform Defendants that he was located in Pennsylvania."); *Green v. Ox Car Care, Inc.*, No. 20-CV-708, 2021 WL 3883624, at *5 (N.D. Tex. July 22, 2021) ("[T]he Court is not convinced that Ox Car's contacts with Texas are enough to give this Court specific personal jurisdiction over Ox Car as the alleged unwanted phone calls to Plaintiff were not targeted to a Texas phone number."); *Guadnola v. Hawaii Dep't of Educ.*, No. 19-CV-1114, 2021 WL 1093099, at *3 (W.D. Okla. Mar. 22, 2021) ("Plaintiff asserts that he resides in Oklahoma, where the automated calls were allegedly received. But this alone is insufficient to support a finding that the HDOE purposefully directed the automated phone calls to Oklahoma, as Plaintiff does not supply any facts indicating that the HDOE was aware or should have been aware of his Oklahoma residency. By Plaintiff's own account, the HDOE initiated the phone calls to a Hawaii-based cell phone number belonging to the parent of a child

6

attending public school in Hawaii."); *Hastings v. Triumph Prop. Mgmt. Corp.*, No. 15-CV-312, 2015 WL 9008758, at *1 (S.D. Cal. Dec. 15, 2015) ("Plaintiffs primarily argue that because Triumph called them in California, it has satisfied the first prong of the test. The problem with this is that, while Triumph may have called them in California, there is no reason to suppose that Triumph did so knowing they were California residents."). Chasse theorizes in his opposition brief that he could have "potentially inform[ed]" Defendants of his Pennsylvania residence during the June 2023 phone call, since the call lasted for seven for minutes. (Doc. 7 p. 4.) But Chasse stops conspicuously short of representing that he did actually so inform Defendants, and neither the complaint nor any other document in the record indicates that was the case. Without any suggestion that Defendants purposefully directed activities at Pennsylvania, Chasse fails to make a prima facie showing of specific personal jurisdiction over Defendants, and the complaint will be dismissed without prejudice to Chasse's right to re-file in an appropriate jurisdiction.[1]

---

[1] The court declines to exercise its discretion to transfer this case, because notwithstanding that Defendants are ostensibly subject to the general jurisdiction of federal courts in California, Chasse requests a transfer to an unspecified district in Florida, without any mention of whether the action could have been brought there in the first place. *See* 28 U.S.C. § 1631 (authorizing transfer "to any other such court in which the action or appeal could have been brought at the time it was filed or notice").

### III. CONCLUSION

For the reasons set forth above, the motion to dismiss for lack of personal jurisdiction filed by Defendants M.S. Investments Mortgage Company, Mike Saleh, Libby Saleh, and Cameron Saleh will be granted. An appropriate order shall follow.

Dated: November 29, 2023

                                                         */s/ Sylvia H. Rambo*
                                                       Sylvia H. Rambo
                                                       United States District Judge